**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANTE JACKSON,<br>Plaintiff,<br><br>v.<br><br>NURSE MARIE FLOYD,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 2:22-cv-03527-JMG |

# MEMORANDUM OPINION

**GALLAGHER, J.** **November 17, 2026**

## I. OVERVIEW

This case – which has spanned several years – stems from an alleged civil rights violation against Plaintiff Dante Jackson while he was a prisoner. After years of motion practice, only one Defendant remains: Nurse Marie Floyd. Ms. Floyd seeks to dismiss Plaintiff's only remaining claim for malicious prosecution. For the reasons set forth below, the Court finds Ms. Floyd's Motion to Dismiss is uncontested and will dismiss the claim against her without prejudice.

## II. BACKGROUND

On September 2, 2022, *pro se* Plaintiff Dante Jackson brought this civil rights action under 42 U.S.C. § 1983 against the City of Philadelphia, several City employees, Corizon Health, and Nurse Marie Floyd. Plaintiff's position is this: on or about March 14, 2013, he was brutally assaulted by corrections officers while medical staff at the prison watched and refused to intervene. Plaintiff further claims that he was wrongfully prosecuted for this incident by all Defendants. He alleges that his constitutional rights were violated because of these events.

A brief procedural history is necessary to provide context and understand the current state of affairs in this matter. Since he brought his original Complaint, there has been significant motion

practice including multiple motions to dismiss. As things now stand, the only remaining defendant is Nurse Marie Floyd. *See* ECF No. 99 (dismissing Plaintiff's claims against all remaining defendants except Nurse Marie Floyd).

Ms. Floyd previously moved to dismiss the Amended Complaint against her on May 16, 2023. *See* ECF No. 33. The Court initially granted that Motion but later – upon consideration of Plaintiff's Motion for Reconsideration – allowed Plaintiff's claim for malicious prosecution to continue. *See* ECF No. 60. Therefore, Plaintiff case proceeds only on a claim for malicious prosecution against Ms. Floyd.

On July 30, 2025, the Court granted Ms. Floyd's Motion to Stay all deadlines pending the U.S. Bankruptcy Court for the Southern District of Texas's resolution of an Omnibus Motion to Enjoin certain plaintiffs from prosecuting actions against Tehum Care Services, Inc. and its employees, including Ms. Floyd. *See* ECF Nos. 106, 107. On February 2, 2026, counsel for Ms. Floyd filed a letter to the Court indicating that Plaintiff had failed to follow the procedures necessary to have his claim be included in the pending bankruptcy, resulting in the claim being severed from any bankruptcy proceedings and allowing the matter to proceed in this Court. *See* ECF No. 110. In response to Ms. Floyd's letter, the Court lifted the stay on February 9, 2026. *See* ECF No. 111.

Since lifting the stay, several motions have been filed. Ms. Floyd filed a Motion to Dismiss Plaintiff's Complaint. *See* ECF No. 113. Plaintiff filed a Motion Seeking Reconsideration of the Court's February 9, 2026 Order lifting the stay. *See* ECF No. 114. Additionally, Ms. Floyd's

counsel filed a Motion for Leave to Withdraw as Counsel (ECF No. 116) and Plaintiff filed a "Formal Request for Appoint of Counsel and/or Stay of Proceedings" (ECF No. 120).[1]

In her Motion to Dismiss, Ms. Floyd argues Plaintiff's malicious prosecution claim should be dismissed because 1) Plaintiff has failed to allege any indication of "malice" on the part of Ms. Floyd, 2) Plaintiff cannot establish that Ms. Floyd was involved in the institution of a criminal proceedings against him, and 3) Plaintiff's claims are time barred. *See* ECF No. 113. Despite the passing of several months as well this Court ordering Plaintiff to respond, Plaintiff has failed to address the Motion to Dismiss.

## III. LEGAL STANDARD

"Where a party has failed to timely respond to a motion to dismiss within 14 days, the Court is authorized to grant the motion as uncontested under the local rules." *Miller v. Goggin*, 2023 WL 3259468, at *3 (E.D. Pa. May 4, 2023) (citing Loc. R. Civ. P. 7.1(c); *Fleming v. United States VA Med. Ctrs.*, 348 Fed. App'x. 737, 738 (3d. Cir. 2009); *Abdulhay v. Abdulhayoglu*, 2022 WL 6768194, at *3 n.3 (E.D. Pa. Oct. 11, 2022)). Although the Third Circuit prefers that a district court resolve a motion to dismiss on the merits, *see Gary v. Pa. Human Relations Comm'n,* 497 F. App'x 223, 226 (3d Cir. 2012), it "has clarified that the Court's local rules are not entirely without force and effect." *Miller*, 2023 WL 3259468, at *3 (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)). Thus, in considering a motion to dismiss that a *pro se* plaintiff has failed to respond to, "the Third Circuit has further instructed that 'a district court must analyze the relevant factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), before concluding that the sanction of dismissal is warranted.'" *Id.* at *4 (citations omitted).

[1] Because the Court is granting Defendant's Motion to Dismiss and dismissing the case, it will deny the remaining Motions as moot.

There are six *Poulis* factors laid out by the Third Circuit:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure [to participate in the prosecution of the case]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

727 F.2d at 868.

The Third Circuit has further instructed "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Instead, the decision must be made in the context of the district court's extended contact with the litigant." *Id.*

## IV. ANALYSIS

The first *Poulis* factor asks the Court to consider the Plaintiff's responsibility in failing to respond to the Motion to Dismiss. Ms. Floyd filed the Motion to Dismiss on February 18, 2026. *See* ECF No. 113. Plaintiff failed to respond to the Motion. On August 26, 2026, the Court Ordered Plaintiff to respond to Ms. Floyd's Motion to Dismiss by September 25, 2026 warning that "Plaintiff's failure to respond may result in the Court dismissing the case against Defendant Nurse Marie Floyd." *See* ECF No. 119. Plaintiff still failed to respond. It has been nearly nine months since Ms. Floyd filed her Motion to Dismiss and Plaintiff still has not responded or sought an extension. Because he is *pro se*, "the failure to file a brief in opposition cannot be attributed to anyone but Plaintiff." *Nieves v. Cnty. to Courthouse to S.C.I. State Prison Transportation*, 2022 WL 19350600, at *8 (M.D. Pa. Aug. 29, 2022), *report and recommendation adopted*, 2022 WL 19350590 (M.D. Pa. Sept. 16, 2022); *see Malibu Media, LLC v. Paek*, 2015 WL 779494, at *2 (E.D. Pa. Feb. 23, 2015) ("Because Defendant is proceeding *pro se*, he alone is responsible for his failure to comply with this Court's orders."). The first factor then weighs in favor of granting the Motion to Dismiss.

The second *Poulis* factor requires the Court to assess the prejudice that Plaintiff's failure to respond has caused Ms. Floyd. "While prejudice for the purpose of *Poulis* analysis does not mean irremediable harm, the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (internal quotation marks omitted). This case has been pending for more than four years and is still at the motion to dismiss stage. While these delays are not solely due to Plaintiff's actions, "Plaintiff's continued failure to respond to [Ms. Floyd's] motion[] to dismiss 'frustrates and delays the resolution of this matter,' thereby causing prejudice to their interest in a timely resolution of this case." *Miller*, 2023 WL 3259468, at *5 (quoting *Williams-Bearden v. Clouser*, 2021 WL 4743705, at *2 (M.D. Pa. Oct. 12, 2021)). So the second factor also weighs in favor of granting Ms. Floyd's Motion to Dismiss.

The third *Poulis* factor determines whether Plaintiff has a history of dilatoriness. This is not the first time the Court has dismissed Plaintiff's claims due to his failure to respond. The Court previously dismissed Plaintiff's claims against other defendants where Plaintiff "received several extensions and still failed to follow this Court's orders asking him to respond to [defendants'] Motion to Dismiss." *See* ECF No. 99 at 3, n.1. While Plaintiff has been active in this case, "[h]e has missed several court-mandated deadlines" and has completely failed to respond to the instant Motion. *Jones v. Strauch*, 2021 WL 6052085, at *2 (W.D. Pa. Dec. 20, 2021). Considering these facts, the third factor also weighs in favor of granting Ms. Floyd's Motion to Dismiss.

The fourth *Poulis* factor assesses whether Plaintiff's failure to respond to the Motion to Dismiss was willful or in bad faith. "'Willfulness involves intentional or self-serving behavior,' and not mere negligence." *Nieves*, 2022 WL 19350600, at *9 (quoting *Adams v. Trustees of N.J. Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994)). Since Ms. Floyd moved to

dismiss, Plaintiff has filed several documents with the Court including an unrelated Motion for Reconsideration but has not responded to Ms. Floyd's Motion. *See* ECF Nos. 114, 117, 118, 120. "None of these [] documents are the one document he was ordered to file—a brief in opposition." *Nieves*, 2022 WL 19350600, at *9. Thus, the fourth factor also weighs in favor of granting Ms. Floyd's Motion to Dismiss. *See id.* ("At this juncture, where Plaintiff has failed to comply with instructions of the Court directing Plaintiff to file a brief, has violated the local rules, and instead has continued to request extensions and the appointment of counsel, the Court is compelled to conclude that Plaintiff's actions are not accidental or inadvertent.").

The fifth *Poulis* factor examines the effectiveness of other sanctions. Here, Plaintiff is *pro se* and has been granted leave to proceed *in forma pauperis*. ECF No. 6. So monetary sanctions would not be effective. *Williams-Bearden*, 2021 WL 4743705, at *2. And his failure "to comply with the Court's previous orders directing him to file a response supports the inference that further orders would not be effective." *Miller*, 2023 WL 3259468, at *6. Therefore, the fifth factor also weighs in favor of granting Ms. Floyd's Motion to Dismiss.

The sixth and final *Poulis* factor analyzes the meritoriousness of Plaintiff's claims. Under this factor, "a claim may be deemed meritorious when the allegations of the complaint, if established at trial, would support recover[y]." *Williams-Bearden*, 2021 WL 4743705, at *3 (citation omitted). Without a response from Plaintiff, the Court cannot rule on the merits of Plaintiff's claims. *See Jones*, 2021 WL 6052085, at *3; *Smith v. Clark*, 2021 WL 4942753, at *3 (W.D. Pa. Oct. 22, 2021). But the Court acknowledges that Ms. Floyd casts serious doubt on Plaintiff's claim for malicious prosecution. For example, among other arguments, Ms. Floyd argues that she is not a "prosecutor" and Plaintiff presents no allegations that she *instituted* the criminal proceedings against Plaintiff as is required to show malicious prosecution. *See* ECF No.

113 at 6-7 (*citing McKidden v. Schmotzer*, 700 A.2d 484, 492 (Pa. Super 1997)). So, while the Court cannot definitively rule on the meritoriousness of Plaintiff's claims without his response, the final factor weighs slightly in favor of granting Ms. Floyd's Motion to Dismiss. *Easley v. Wetzel*, 2022 WL 447185, at *3 (W.D. Pa. Jan. 12, 2022), *report and recommendation adopted*, 2022 WL 446543 (W.D. Pa. Feb. 14, 2022).

For the reasons above, the *Poulis* factors lead this Court to conclude that the Mr. Floyd's Motion to Dismiss should be granted as uncontested. Thus, the claims against Ms. Floyd are dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, Ms. Floyd's Motion to Dismiss is **GRANTED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge